UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

———————————————————————

                             )

NICHOLAS A. RITROVATO, III    )

      Plaintiff - Appellant    )

      v.                      )     U.S.C.A. No. 23-1881

UMASS FIVE COLLEGE        )
FEDERAL CREDIT UNION      )

      Defendant - Appellee    )

———————————————————————

**<u>APPELLANT'S BRIEF</u>**

**November 8, 2023**

**TABLE OF CONTENTS**

(1) TABLE OF AUTHORITIES                                    p. 2

(2) APPEAL OF DISMISSED COMPLAINT FOR DAMAGES        p. 2

(3) THE PARTIES                                           p. 3

(3) STATEMENTOF JURISDICTION                    p. 4

(4) ISSUES FOR REVIEW                                P. 5

(5) FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF     p. 5

(6) LEGAL CLAIMS                                     p. 8

(7) CONCLUSION                                       p. 9

(8) DAMAGES                                           p. 9

(9) PRAYER FOR RELIEF                                p.10

**TABLE OF AUTHORITIES**

Federal Credit Union Act §1789 – Administrative provisions

paragraph(2)

M.G.L. Chapter 93A Sections 2, 9 & 11

Tort law – Restatement of Torts

18 U.S. Code § 1344 – Bank fraud

## APPEAL OF DISMISSED COMPLAINT FOR DAMAGES

ON APPEAL, Plaintiff, Nicholas A. Ritrovato, III, pro se and his complaint Civil Action No.1:23-10685-DJC of March 29, 2023, against UMass Five College Federal Credit Union, a complaint in a matter of a tortuous claim of self enrichment, theft of irrevocable gifts, aggravated by identity theft and bank fraud; an unfair and deceptive act or practice within the meaning of M.G.L. Chapter 93A Section 2(a) and Federal Trade Commission Act (15 U.S.C. 45(a)(1)) among others; a matter of strict liability. (Dkt. Nos. 1, 7-1, 8, 13, 16)

On June 13, 2023, plaintiff – appellant presented a Summons form and a copy of the complaint to the court and clerk's office. Plaintiff - Appellant requested of the court in a letter to Judge Casper that the clerk's office affix a court seal and arrange service by the Marshall's office of that summons and

complaint form on the defendant - appellee. (Dkt. Nos. 6 & 6-1) In a letter dated July 4, 2023, plaintiff – appellant filed a motion adjusting relief sought in the matter "to award treble damages in the event of a default judgment or other judgment." (Dkt. No. 8)

On July 12, 2023, the United States District Court District of Massachusetts issued a final order and dismissed the action without prejudice on the grounds that the Court lacked subject matter jurisdiction. (Dkt. Nos. 9, 10). On August 12, 2023 Denise J. Casper, United States District Judge, filed an electronic order denying a pending motion to obtain summary of the facts judgment and court ordered subpoena. (Dkt. No. 9, 13, 14)

**THE PARTIES**

Plaintiff - Appellant, Nicholas A. Ritrovato, III, is a natural born citizen of the Commonwealth of Massachusetts from 2006 through present and a resident of Somerville, MA; and between August 2000 and October 2006 a resident and citizen of California; there before a citizen of the Commonwealth of Massachusetts. (Dkt. No. 1 p. 1)

Defendant, UMass Five College Federal Credit Union, an unincorporated association of persons who share a common bond,

an association offering financial services headquartered in
Hadley Massachusetts, with 6 Branch offices including offices in
Hadley, MA; Northampton, MA; Northampton MA VA Medical Center;
Springfield, MA; UMass Amherst Campus Center; and the Chan
Medical School in Worcester, MA; is a federally chartered credit
union under the Federal Credit Union Act (FCUA). (Dkt. Nos. 1,
11, 16)

## STATEMENT OF JURISDICTION AND VENUE

Plaintiff - Appellant files this appeal on October 17,
2023, for reasons including that; The UMass Five College Federal
Credit Union is a federally chartered credit union under the
Federal Credit Union Act and therefore under §1789 -
Administrative provisions at paragraph (2) the Board may sue and
be sued, complain and defend, in any court of law or equity,
State or Federal. All suits of a civil nature at common law or
in equity to which the Board shall be a party shall be deemed to
arise under the laws of the United States, and the United States
district courts shall have original jurisdiction thereof,
without regard to the amount in controversy…among other reasons.
(Dkt. Nos. 1, 11, 16) In Plaintiff – Appellant objection to the
order of dismissal (Dkt. No. 11) he cites the Federal Credit
Union status of UMass Five College Federal Credit Union as a

reason for jurisdiction and then reiterates this in his Notice
of Appeal (Dkt. No. 16).

## ISSUES PRESENTED FOR REVIEW

Issues for review include procedural departure in summons
request by the court; finding of lack of subject matter
jurisdiction despite objection; denial of available tort law
relief in the wake of title 18 violations. (Dkt. Nos. 1, 6, 8,
16)

## FACTUAL ALLEGATIONS

## COMMON TO ALL CLAIMS FOR RELIEF

Plaintiff - Appellant has filed a case in federal civil
court on March 29, 2023, regarding a UMass Five College FCU
share deposit account opened in his own name Nicholas A.
Ritrovato, III, by and operated by Susan DiMarzo. Between 1991
and 1996 Plaintiff - Appellant has sustained a tortuous injury
of self enrichment caused by theft of irrevocable gifts, bank
fraud, and identity theft. In the complaint on page one and in
his statement of claim Plaintiff – Appellant cites bank fraud
and a tortuous claim of self enrichment. Plaintiff - Appellant
requested subpoena production at the time of filing and
thereafter. (Dkt no. 1)

In the school year 1990-1991 Susan DiMarzo-Haley opened an
account in the name of plaintiff for the purpose of cashing

stolen checks drafted under false pretense from the college tuition savings account of said plaintiff - appellant at another financial institution.

Separately, Ms. DiMarzo-Haley in conspiracy with a person who resembled the plaintiff's mother infiltrated plaintiff – appellant's home at graduation time (May/June 1995) and presented several checks from family and friends of Plaintiff - Appellant at Citizens Bank in Somerville, MA for deposit into a joint checking account in the name of Plaintiff - Appellant's parents' she then drafted a check from the account under false pretense stealing approximately $2,000,000.00 or $3,000.000.00.

Ms. DiMarzo, her name at that time, then deposited the draft at Wellesley savings bank along with other gift checks which were received by the plaintiff - appellant at home which were not presented at Citizens and were otherwise intercepted. The checks were presented as bearer instruments that were made payable to Plaintiff - Appellant and signed under false pretense by her (Ms. DiMarzo-Haley) and who she used as his mother's resemblance. Citizens and Wellesley bank agents gave her all the cashed check specimen back after she deposited them. (Dkt no. 1)

Effectively they were in conspiracy with Ms. Dimarzo-Haley to facilitate multiple check cashing of each draft check. For the aforementioned reason Ms. DiMarzo-Haley conspired to present the checks for cashing at Citizens Bank despite Plaintiff -

Appellant's objections. Plaintiff - Appellant at that time banked at Shawmut and not at Citizens Bank. You see she had colluded with bank agents for access to checks after cashing them and could not access them if he deposited them at his own bank. (Dkt no. 1)

At that time the misuse of federally controlled substance including memory degrading implements were used to bypass Plaintiff - Appellant's objections. (Dkt no. 1)

Next, Ms. Dimarzo-Haley then stole all of the check specimen from both Citizens and Wellesley banks with bank agents and deposited them at UMass Five College FCU. All of the checks specimen made payable to Plaintiff - Appellant  deposited at Citizens Bank and at Wellesley Savings bank were then re-presented for deposit as many as 20 iterations each. The checks totaled more than $3,000,000.00. This conspiracy with UMass Five College FCU staff using the UMass Five College FCU banking systems to defraud check writers and their respective financial institutions occurred between May 1995 and November 1995 and totaled $73,000,000.00. The $73,000,000.00 was then secreted at the direction of and to Ms. DiMarzo-Haley's and Mr. O'Brien's accounts in Wellesley and offshore respectively. Plaintiff - Appellant is entitled to the fraud or enrichment amount of $73,000,000.00 plus interest. (Dkt no. 1)

Of note, UMass Five College FCU has aided and abetted in enriching Ms. DiMarzo-Haley and Mr. O'Brien at the expense of not only Plaintiff - Appellant, also the expense of his family and friends who so generously were available to make these gifts. Plaintiff - Appellant had not received any of the proceeds from the checks which were given to him nor had he been available to receive the gift givers thereafter. At one point Plaintiff - Appellant had no knowledge that these gifts had ever been given. This crime put a strain on Plaintiff - Appellant's relationship with professors, classmates and family and was destructive. (Dkt no. 1)

## LEGAL CLAIMS

Generally for bank fraud, the theft of irrevocable gifts, and enrichment at Plaintiff - Appellant expense using identity theft and the collusion of bank agents a court would award relief of the enrichment amount plus a long term rate of interest. Defendant has strict liability in the collusion of Credit Union Agents. (Dkt. Nos. 1, 7-1, 11, 16)

1.) Defendant – Appellee UMass Five College FCU did commit to aid and abet bank robbers in the theft of irrevocable gifts; in the use of the banks systems bank fraud in iterations of as many as 20 times per check; a tortuous claim of self enrichment.

2.) Plaintiff Appellant is entitled to the enrichment amount plus interest.

3.) Defendant has strict liability in the collusion of Credit Union Agents.

4.) Defendant's strict liability has led to available relief of treble damages under M.G.L.

Plaintiff - Appellant's claim rests in common law; a tortuous claim of self enrichment in the wake of a property compromise, theft of irrevocable gifts, identity theft and bank fraud with employee collusion; an injury which represents an unfair and deceptive act or practice within the meaning of M.G.L. Chapter 93A Sections 2, 9 & 11; Plaintiff - Appellant respectfully is seeking triple damages.(Dkt. No. 1, 7-1, 11, 16)

## CONCLUSION

### DAMAGES

Plaintiff - Appellant filed a complaint on March 29, 2023 and is seeking relief from damages including $73,000,000.00 and 7% interest compounded annually totaling $485,365,200.55 in that complaint and subsequent pleadings. In seeking treble damages consistent with M.G.L. 93A Sections 2, 9 & 11 the plaintiff - appellant is seeking a relief amount of $1,456,095,601.65. (Dkt. Nos. 1, 8)

Plaintiff - Appellant filed a motion for subpoena of UMass Five College FCU for production of documentation on accounts

opened in his name in order to establish clear and convincing evidence of damages and in seeking pertinent relief. Subpoena production was never granted. Plaintiff - Appellant has motioned for court ordered subpoena production. Subpoena production may uncover any conspiracies evident in secretions of the deposited amounts to additional parties unknown to plaintiff - appellant. The production may uncover criminal conspiracies including but not limited to the aiding and abetting by the defendant - appellee; the suspected use of memory degrading implements; and the participation of plaintiff – appellant's employment competition in the matter. Plaintiff - Appellant has delivered subpoena by U.S. Mail and in person several times to defendant. (Dkt. Nos. 4, 4-1, 5, 5-1, 6, 7, 7-1)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff - Appellant, pro se respectfully requests the following relief be granted:

(a)  That the United States Court of Appeals for the First Circuit ORDER defendant - appellee UMass Five College Federal Credit Union to pay $1,456,095,601.65; (Dkt no. 8)

(b)  That the United States Court of Appeals for the First Circuit ORDER defendant UMass Five College Federal Credit Union to produce on subpoena.

(c)     That the United States Court of Appeals for the First
        Circuit ORDER defendant UMass Five College Federal
        Credit Union turn over control of accounts opened in
        the name of plaintiff – appellant as described in the
        statement of claim. (Dkt no. 1).

**CERTIFICATION AND CLOSING**

**I hereby certify that the document complies with the type-
volume limitation. This certification relies on the word or line
count of the word-processing system used to prepare the
document. The number of words; or the number of lines; of mono-
spaced type in the document are 2067 Words 269 lines.**


This day 8 November 2023

Signature of Plaintiff        Nicholas A. Ritrovato, III
Printed Name of Plaintiff     Nicholas A. Ritrovato, III

Signature of Attorney         Nicholas A. Ritrovato, III pro se
Printed Name of Attorney      Nicholas A. Ritrovato, III pro se

Bar Number                    pro se
Name of Law Firm              pro se
Street Address                9 Wesley Park, Somerville
State and Zip Code            MA, 02143
Telephone Number              617-764-5181
Mobile Telephone Number       617-767-2056
E-mail Address                nicholas_ritrovato@yahoo.com

```
_____
                              )
                              )
NICHOLAS A. RITROVATO, III     )
                              )
        Plaintiff - Appellant  )
                              )
        v.                     )    U.S.C.A. No. 23-1881
                              )
UMASS FIVE COLLEGE             )
FEDERAL CREDIT UNION           )
                              )
                              )
        Defendant - Appellee   )
                              )
_____)
```

## **ADDENDUM**


     1st Cir. R. 28.0 An addendum must be attached to the
appellant's brief.



The addendum must contain the judgments, rulings or orders
appealed from and any supporting opinions, memoranda, or
statements of reasons. It must also contain the following:
portions of any instructions to the jury which are the subject
of appeal; pertinent portions of any document in the record that
is the subject of an issue on appeal; and items or short
excerpts from the record, if necessary for understanding the
specific issues on appeal. In cases where the district court
adopts a magistrate judge's report and recommendation, the
report and recommendation must be included in the addendum, in
addition to the order adopting it. In cases where the district
court reviewed an agency decision, the agency decision must be
included in the addendum, in addition to the district court
order or opinion.

Docket No.'s 9, 10, 12, 14, 16, & 17

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **NICHOLAS A. RITROVATO, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 23-cv-10685-DJC** |
| ) | |
| **UMASS FIVE COLLEGE FEDERAL** ) | |
| **CREDIT UNIT,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

**CASPER, J.**                                                                                        **July 12, 2023**

*Pro se* litigant Nicholas Ritrovato has filed a civil complaint, D. 1, in which he alleges that UMass Five College Federal Credit Unit committed bank fraud by conspiring to defraud check writers and their respective financial institutions.  Ritrovato has also filed a motion for leave to proceed *in forma pauperis*.  D. 2.  For the reasons stated below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 2, and DISMISSES this action for lack of subject matter jurisdiction.

**I.        Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, the Court concludes that Ritrovato has adequately demonstrated his inability to prepay the filing fee.  Accordingly, this motion, D. 2, is ALLOWED.

**II.       Review of the Complaint**

Because Ritrovato is proceeding *in forma pauperis*, the Court may conduct a preliminary review of the complaint and dismiss any claim that fails to state a claim upon which relief may be

1

granted, is malicious or frivolous, or asserts claims for monetary damages against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In addition, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### A.      Ritrovato's Statement of His Claim

In his complaint, D. 1, Ritrovato alleges that, "[i]n the school year 1990-1991 Susan DiMarzo-Haley opened an account in the name of plaintiff for the purpose of cashing stolen checks drafted under false pretense from the college tuition savings account of said plaintiff at another institution."  Id. at 4.  Ritrovato further alleges that "Ms. DiMarzo-Haley in conspiracy with a person who resembled the plaintiff's mother infiltrated at graduation time (May 1995) and presented several checks from family and friends of [the plaintiff] at Citizens Bank in Somerville, MA for deposit into a joint checking account in the name of [the plaintiff's] parents[]" and then purportedly "drafted a check from the account under false pretense stealing approximately $2,000,000.00."  Id. at 5.

According to Ritrovato, DiMarzo-Haley "then deposited the draft at Wellesley savings bank along with other gift checks which were not presented at Citizens."  Id.  "Citizens and Wellesley bank agents" allegedly "gave [DiMarzo-Haley] all the cashed checks back after she

deposited them," to "facilitate multiple check cashing of each draft check." Id.  Ritrovato claims

that DiMarzo-Haley then deposited the checks at UMass Five College FCU, which conspired with

her to "defraud check writers and their respective financial institutions" by re-presenting the check

for deposit "as many as 20 iterations each." Id.  This conspiracy allegedly resulted in the fraudulent

acquisition of $73 million, which was "secreted at the direction of and to Ms. DiMarzo-Haley[]"

and one other individual. Id.

### B.      Lack of Subject Matter Jurisdiction

Federal district courts may exercise jurisdiction over civil actions arising under federal

laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse

citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Here, Ritrovato invokes the Court's federal question subject matter jurisdiction under

§ 1331. D. 1 at 3.  In his jurisdictional allegation, Ritrovato characterizes his claim as one for bank

fraud and identifies 18 U.S.C. § 1344 as the federal law under which his claim arises. Id.

The bank fraud statute to which Ritrovato refers is a criminal statute. See 18 U.S.C. § 1344

It gives the United States the authority to prosecute persons who have committed bank fraud, as

defined in the statute.  It does not, however, provide a right of action by which a private litigant

may file a lawsuit against a person who has allegedly committed bank fraud. Reade v. Galvin, No.

21-10064-FDS, 2021 WL 327474, at *2 (D. Mass. Feb. 1, 2021).  Thus, it does not provide a basis

for jurisdiction under § 1331.

---

[1] In this context, "citizenship" refers to the state in which a party is domiciled.  It does not refer to
the country for which a party has citizenship. See Garcia Perez v. Santaella, 364 F.3d 348, 350
(1st Cir. 2004).

Further, Ritrovato does not identify, nor can the Court discern, any other federal law that would be applicable in this action.  Accordingly, the Court does not have subject matter jurisdiction over this action under § 1331.

## III.    Conclusion

For the foregoing reasons, the Court orders as follows:

1.      The motion to proceed *in forma pauperis*, D. 2, is ALLOWED; and

2.      This action is DISMISSED for lack of subject matter jurisdiction.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **NICHOLAS A. RITROVATO, III,**  ) |  |
| ) |  |
| **Plaintiff,**  ) |  |
| ) |  |
| **v.**  ) | **Civil Action No. 23-cv-10685-DJC** |
| ) |  |
| **UMASS FIVE COLLEGE FEDERAL**  ) |  |
| **CREDIT UNIT,**  ) |  |
| ) |  |
| **Defendant.**  ) |  |

<u>**FINAL ORDER OF DISMISSAL**</u>

**CASPER, J.**                                                          **July 12, 2023**

    For the reasons stated in the Order dated July 12, 2023, this action is dismissed.


           ROBERT M. FARRELL
           CLERK OF COURT


Dated: <u>7/12/2023</u>                    By <u>/s/ Lisa Hourihan</u>
                    Deputy Clerk

### United States District Court
### District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:23-cv-10685-DJC

Ritrovato v. UMass Five College Federal Credit Unit
Assigned to: Judge Denise J. Casper
Demand: $9,999,000
Case in other court: USCA - First Circuit, 23-01881
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 03/29/2023
Date Terminated: 07/12/2023
Jury Demand: None
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

**Plaintiff**

**Nicholas A Ritrovato, III**
     represented by  **Nicholas A Ritrovato, III**
9 Wesley Park
Somerville, MA 02143
617-767-2056
PRO SE

V.

**Defendant**

**UMass Five College Federal Credit Unit**

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2023 | 1 | COMPLAINT against UMass Five College Federal Credit Unit, filed by Nicholas A Ritrovato, III. (Attachments: # 1 Civil Cover Sheet Category Form)(Castilla, Francis) (Entered: 03/29/2023) |
| 03/29/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Nicholas A Ritrovato, III.(Castilla, Francis) (Entered: 03/29/2023) |
| 03/30/2023 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Denise J. Casper assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (Finn, Mary) (Entered: 03/30/2023) |
| 04/18/2023 | 4 | Letter from Nicholas A. Ritrovato. (Attachments: # 1 Proposed Subpoena)(Currie, Haley) (Entered: 04/18/2023) |
| 06/15/2023 | 5 | Letter from Nicholas A. Ritrovato. (Attachments: # 1 Proposed Subpoena)(Currie, Haley) (Entered: 06/15/2023) |
| 06/16/2023 | 6 | Letter/request for clerk signature, court seal and service by marshals from Nicholas A. Ritrovato. (Attachments: # 1 Proposed Summons)(Currie, Haley) (Entered: 06/16/2023) |
| 06/22/2023 | 7 | Letter/request (non-motion) from Nicholas A. Ritrovato. (Attachments: # 1 Attachment)(Dore, Samantha) (Entered: 06/22/2023) |
| 07/07/2023 | 8 | Letter/request (non-motion) from Nicholas A. Ritrovato. (Currie, Haley) (Entered: 07/07/2023) |
| 07/12/2023 | 9 | Judge Denise J. Casper: ORDER. For the reasons stated in the Order, the Court orders as follows: 1. The motion to proceed *in forma pauperis*, D. 2, is ALLOWED; and 2. This action is DISMISSED for lack of subject matter jurisdiction. (Hourihan, Lisa). (Entered: 07/12/2023) |
| 07/12/2023 | 10 | Judge Denise J. Casper: ORDER entered. ORDER DISMISSING CASE(PSSA, 3) (Entered: 07/12/2023) |
| 07/17/2023 | 11 | OBJECTION and MOTION to Vacate Orders of Dismissal by Nicholas A Ritrovato, III.(Currie, Haley) (Entered: 07/18/2023) |
| 07/20/2023 | 12 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 11 MOTION to Vacate 10 Order Dismissing Case. Having considered Plaintiff's objections and motion to vacate, D. 11, the Court DENIES the motion for the reasons articulated in D. 9. (Hourihan, Lisa) (Entered: 07/20/2023) |
| 07/26/2023 | 13 | Letter re: Petition to obtain summary facts judgment and Motion for court ordered subpoena production from Nicholas A. Ritrovato. (Currie, Haley) (Entered: 07/26/2023) |
| 08/02/2023 | 14 | Judge Denise J. Casper: ELECTRONIC ORDER entered re 13 Letter/request (non-motion). This matter has been dismissed for the reasons explained in D. 9. To the extent that Plaintiff's letter, D. 13, seeks discovery, that request is DENIED given the prior dismissal of this case.(Hourihan, Lisa) (Entered: 08/02/2023) |
| 09/22/2023 | 15 | Letter re: Attached list of cases filed with Motion to Proceed without prepayment of fees from Nicholas A. Ritrovato. (Attachments: # 1 Attachment, # 2 Fax Cover Letter)(Currie, Haley) (Entered: 09/25/2023) |
| 10/20/2023 | 16 | NOTICE OF APPEAL as to 14 Order, 10 Order Dismissing Case, 12 Order on Motion to Vacate, 9 Order on Motion for Leave to Proceed in forma pauperis, by Nicholas A Ritrovato, III NOTICE TO COUNSEL: A Transcript Report/Order Form, which |

| | | can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** **US District Court Clerk to deliver official record to Court of Appeals by 11/9/2023. (Currie, Haley) (Entered: 10/20/2023)** |
|---|---|---|
| 10/20/2023 | 17 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 16 Notice of Appeal. (Paine, Matthew) (Entered: 10/20/2023) |
| 10/23/2023 | 18 | USCA Case Number 23-1881 for 16 Notice of Appeal, filed by Nicholas A Ritrovato, III. (Paine, Matthew) (Entered: 10/23/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/07/2023 09:42:09 | | |
| **PACER Login:** | nichola3 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-10685-DJC |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

)
)
NICHOLAS A. RITROVATO, III        )
)
          Plaintiff              )
)
          v.                     )        C.A. No.1:23-10685-DJC
)
UMASS FIVE COLLEGE               )
FEDERAL CREDIT UNION             )
)
)
          Defendant              )
)
_____)

## **NOTICE OF APPEAL**

### **October 17, 2023**

ON APPEAL, Plaintiff, Nicholas A. Ritrovato, III, pro se and his complaint of March 29, 2023 against UMass Five College Federal Credit Union, a complaint in a matter of a tortuous claim of self enrichment, theft of irrevocable gifts, aggravated by identity theft and bank fraud; an unfair and deceptive act or practice within the meaning of M.G.L. Chapter 93A Section 2(a) and Federal Trade Commission Act (15 U.S.C. 45(a)(1)) among others.

On July 12, 2023, the Court dismissed the action without prejudice on the grounds that the Court lacked subject matter jurisdiction. (Dkt. Nos. 9, 10). On August 2, 2023 Denise J. Casper, United States District Judge, filed an electronic order denying a pending motion to obtain summary of facts judgment and motion for court ordered subpoena production. (Dkt. No. 9, 13, 14)

Plaintiff files this appeal for the following reasons:

1.)    The UMass Five College Federal Credit Union is a federally chartered credit union under the Federal Credit

Union Act. As such the United States District Court shall have original jurisdiction.

2.) The UMass Five College Federal Credit Union headquarters and main office branch and administrative offices are located at 200 Westgate Center Drive, Hadley Massachusetts. Plaintiff is a citizen of Massachusetts. The Federal Credit Union is an unincorporated association and has a majority of members' citizenships outside of Massachusetts and lacks complete non-diversity; and for the aforementioned reasons the court will exercise its diversity of citizenship jurisdiction[1].

3.) The arguments or assertions in plaintiff's motions, pending motions, objections and pleading amendments provide a basis for this Court to exercise its federal question subject matter jurisdiction.

4.) Tort law precedence exists in tortuous claims of self enrichment and personal property which parallel this case where United States District Court had jurisdiction.

5.) Plaintiff was denied access to the court's subpoena power in defining the tortuous claim of self enrichment and the cause for action. Use of the subpoena power of the court in defining the cause for action would result in a successful action against the defendant for which relief may not be limited to civil court.

This ___17th___ day of October, 2023

Signature of Plaintiff
Printed Name of Plaintiff    Nicholas A. Ritrovato, III

---

[1] A major difficulty in applying the statutory criteria is in deciding what constitutes a principal place of business. Most courts look to the site of the major production or service activities of the corporation, although others look to the location of the corporate headquarters, at least when corporate operations are divided among the several states. With unincorporated associations, such as labor unions, diversity statute has been interpreted to require an inquiry into the citizenship of all the members of the association. If any of the members are domiciled in the same state as the opponent, there is no complete diversity.

Signature of Attorney
Printed Name of Attorney        Nicholas A. Ritrovato, III pro se

Bar Number                      pro se
Name of Law Firm                pro se
Street Address                  9 Wesley Park, Somerville
State and Zip Code              MA, 02143
Telephone Number                617-764-5181
Mobile Telephone Number         617-767-2056
E-mail Address                  nicholas_ritrovato@yahoo.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption: _____ Ritrovato v. UMass Five College Federal Credit Unit _____

District Court Number: _____ 23cv10685-DJC _____

Fee:  Paid?  Yes _____  No __X__  Government filer _____  *In Forma Pauperis* Yes _____  No _____

Motions Pending      Yes _____ No __X__          Sealed documents      Yes __X__ No _____
*If yes, document #* _____          *If yes, document #*      __2_____

*Ex parte* documents   Yes _____ No __X__          Transcripts              Yes _____ No __X__
*If yes, document #* _____          *If yes, document #*      _____

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent _____   Other: _____

Appeal from:

## #9 Order, #10 Order of Dismissal, #12 Electronic Order, #14 Electronic Order

Other information:

     I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #9, #10, #12, #14, and #16

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # __16____ filed on __October 20, 2023_____ .

     In testimony whereof, I hereunto set my hand and affix the seal of this Court on __October 20, 2023__ .

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
_____
Deputy Clerk

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**